E. WHITINGTON v. JAMES WATKINS.

**Replevin — Precedent Demand.**

A previous demand of possession of personal property is not necessary in order to maintain replevin whether the original taking be tortious or not; the writ being a sufficient demand and defending the suit a refusal to deliver possession.[1]

**Same — Parol Sale of Personal Property with Reservation of Title.**

Where plaintiff sells property by parol sale reserving title to secure the purchase money he may bring replevin to recover the property from an innocent purchaser for value, after default.

Replevin by appellee, Watkins, to recover possession of one mule, against appellant, Whitington. From verdict and judgment for plaintiff defendant appeals. Affirmed.

---

1

One lawfully in possession of personal property having a charge upon it is entitled to a demand by the owner before the latter can maintain replevin, but if, when sued, he stands his ground and contests the right of property in the plaintiff, he cannot afterward change his position and rely upon the want of demand, or other preliminary steps, as a defense. George v. Hewlett, 70 Miss. 1.

Where property is sold on credit, title passes by delivery, and although the terms be not complied with, the seller cannot maintain replevin against one who has brought from the purchaser. Bank v. Carriage Co., 75 Miss. 587.

Where defendant in replevin sets up title in himself, it is unnecessary for plaintiff to make demand for the property before suing. Dearing v. Ford. 13 S. & M. 269; Newell v. Newell, 34 Miss. 385.

Under an agreement for the purchase of an entire cotton crop to be paid for as delivered, though a part is received and paid for, the title to that not delivered does not pass, and the person contracting the purchase cannot

The evidence for plaintiff was in substance that plaintiff sold one John Strickland a horse on credit in 1880 and retained title to him until paid for and a short time afterward traded Strickland a mule for the horse, Strickland agreeing to give $50 difference, and that plaintiff retained title in the mule until the purchase money was paid, and that defendant traded with Strickland for the horse in 1883, and that none of the purchase money had ever been paid.

John Strickland testified for defendant that there was no reservation of title by plaintiff to either the horse or the mule but that the sale was an absolute sale on credit without any agreement of title being reserved by plaintiff. That he traded the mule to defendant in August, 1883, and plaintiff never complained until in the fall when witness was about to move off of plaintiff's place.

Defendant testified that he traded with John Strickland for the mule on the 15th day of August, 1883. He was then asked " Did Mr. Strickland claim to be the owner of the mule he traded you ? " Plaintiff's objection to this question was sustained and defendant excepted; that no demand was ever made on him for the mule before suit was brought.

The court refused the following instruction asked by defendant:

" The court instructs the jury that in this class of cases, where the owner is reclaiming his property sold to another upon a condition precedent, that a suit for its possession is not such a demand as is explained in these instructions, and if they believe this is the only demand made upon defendant they will find for defendant."

The court gave the following instruction for defendant:

---

maintain replevin against a third person who subsequently purchases it. Berry *v.* Waterman, 71 Miss. 497.

A verbal contract for the sale of growing timber though valid as to trees cut and paid for after execution of contract is void as to trees standing on the land, though all the purchase money is paid, and if these are removed over the owner's objection he may maintain replevin for the timber into which they are converted. Nelson *v.* Lawson, 71 Miss. 819.

Where personal property is sold partially on credit, and the vendor reserves title, as security for the payment of the balance of the purchase money, the property may be recovered even from one who purchased it from the vendee without notice of the seller's right and although the contract is not recorded. Ketchum *v.* Brennan, 53 Miss. 596; Duke *v.* Shackleford, 56 Miss. 552; Dederick *v.* Wolfe, 68 Miss. 500; Tufts *v.* Stone, 70 Miss. 54; Journey *v.* Priestley, 70 Miss. 584.

Defendant may show failure of consideration. 74 Miss. 119.

" Before the plaintiff can recover the mule in this case, he must prove by a preponderance of the testimony that at the time he sold the horse to Strickland he reserved title until full payment of the price."

Second. That at the time of the exchange of the mule in controversy it was agreed by both parties that the title to the mule was to remain in plaintiff until full payment of the price. Third. That the purchase money of the horse and the $50 difference in the exchange has never been paid. Fourth. That the condition of said sale has not been waived by plaintiff. Fifth. That plaintiff has done nothing or allowed Strickland to do anything that would mislead defendant into purchasing said mule.

Defendant made a motion for a new trial which was overruled and he appeals.

APPEALED from First District, Leake county, Circuit Court.

Affirmed October 26, 1885.

*Attorney for appellant, O. A. Luckett, Jr.*

*Attorney for appellee, J. H. Reagan.*

Brief of O. A. Luckett, Jr.:

We respectfully submit the following points for the reversal of this case:

First. The court erred in sustaining the abjection of appellee to the question propounded to appellant. (See record, pp. 24, 25.)

It was proper to be submitted to the jury and to be considered by them in determining the good faith of appellee in the purchase of the mule, and also as a circumstance going to show lax and negligence on the part of appellee in allowing Strickland, the conditional vendee, to remain in possession of the mule, claiming it as his own, so long after condition broken, by means whereof appellant was mislead to his injury.

After condition broken, suffering the vendee to remain in possession of personal property an unreasonable length of time makes an absolute sale out of a conditional one, especially so if an innocent person has been entrapped and defrauded. Chitty, Contracts, pp. 343, 344, note 1; Kent, Com. 642; Long Sales, 189, 190;

1 Parson Contracts, 449; Ketchum & Cummings v. Brennan, 53 Miss. 596.

A sale on condition that the property is not to become the property of the purchaser, unless the price is paid at a designated time, is valid as to the parties, and also as to strangers for a reasonable time after breach of the condition in case the purchaser has the property in his possession. Authorities above.

Second. The second instruction granted to appellee is erroneous and is contrary to the law as I conceive it to be from an examination of the books. The rule of the civil law has been adopted by the courts in this State. That is, the law appropriates credit most beneficially for the debtor. Harner v. Kirkwood, 25 Miss. 99; Poindexter v. La Roche, 7 S. & M. 50; 50 Miss. 175; Winder v. Kennedy, 52 Miss. 164; Ogden v. Harrison, 56 Miss. 743.

Being a purchaser from Strickland, appellant stands in his shoes, with the same right to demand the money paid by Strickland to appellee, appropriated most beneficially to Strickland, and how is that under the evidence in this case?

Strickland bought a horse from appellee in 1880 and about the same time made a parol contract for the purchase of some land from him, agreeing to pay for the land in installments. Appellee testified that Strickland agrees to pay rent for the land in event he failed to make payments of the purchase money as each installment fell due. Strickland denies this, and is corroborated by his son who was present, and heard the terms of contract of purchase. A strong circumstance going to support this theory is the further fact admitted by appellee that no amount of rent was agreed upon, nor that any was ever demanded from and paid by Strickland, although Strickland, in 1881, made large payments of money.

Under the Statute of Frauds and Perjuries, while Strickland could not enforce the contract to sell, or of sale, still there is no relation of landlord and tenant between them, viewing the case in the light of the preponderance of the testimony.

Upon the question of the agreement to pay rent for the premises, the preponderance of the testimony was with appellant, and that being the case, the supply and store accounts were not privileged debts, to be paid first. Under the facts of the case, it was most beneficial to Strickland to have the mule paid for first, because then it would be his property. Assuming that there was a reservation of

title by appellee, this was as good if not better than taking a trust deed to secure its purchase price. It is settled in this State, beyond cavil, that where there are two debts, one a secured debt, and the other a simple debt, and the debtor makes payment of money without direction as to appropriation, then it shall be credited to the secured debt, regardless of the acts and wishes of the creditor, or the way in which he has placed the credit. 52 Miss. 157; 48 Miss. 205; 50 Miss. 177; 56 Miss. 743.

All the witnesses say that Strickland gave no directions as to how the proceeds of the cotton should be applied. The bookkeeper of appellee (and his witness) with whom the transactions took place says that neither Strickland nor appellee directed him how to apply the credits. (See record, p. 32.)

This instruction is erroneous for another reason. The question of whether Strickland agreed to pay appellee rent (and the decision of that question in the negative would have been fatal to appellee's theory) was altogether taken away from the consideration of the jury by the court, who by said second instruction decides upon the weight of testimony, on this point, which should have been left to the jury, such being a question of fact, and a very disputed one at that. This was wrong. Proffatt on Jury Trials, §§ 359, 360, 361, 368; Garnett *v.* Kirkman, 4 G. 389; Perry *v.* Clark, 5 H. —; Frizee *v.* White, 5 C. 198, and 48 Miss. 470.

In case of a controverted material fact, it is error to give an instruction to the jury which will in effect withdraw from them all discretion in passing on them. Thrasher *v.* Gillespie, 52 Miss. 840. Upon the theory of appellee that Strickland was his tenant in 1881, and that consequently he had an agricultural lien upon the crop for supplies, we say this, that there is no proof at all on the part of the appellee and upon him rested the burden of proof to show that the account of Strickland in 1881, even conceding he was a tenant, was for such articles as gave him a lien upon the crop.

There is nothing in the record, nor was there any proof offered by appellee in the court below, going to show that the account of Strickland in 1881 was made up of such items as created a lien upon his crop. So it was a matter of presumption or guess work to say that Strickland in 1881 owed appellee for plantation supplies equal to the amount of his payments for which appellee had a landlord's lien.

Appellee and his bookkeeper both say that in 1881 Strickland had a store and supply account and that they applied the payment to those accounts without Strickland's knowledge or consent. How much was the store account? How much was the supply account?

These questions are all unanswered and unexplained by the testimony of the appellee, who best knew. To give him a right of appropriation to an account for supplies, he must prove such account in the right way, that is by the production of his books or by the testimony of the person who sold and delivered the goods, if within his knowledge. It was not certainly the duty of the appellant to prove a negative; that is, that Strickland had no supply account equal to the amount of his payments. Whenever a party insist upon an appropriation of payments different from what the person making the payments intended or wished, he must satisfy the court that he has a legal right to have such appropriation made in such a manner. Upon failure to make such proof, the credit will be applied in the way that would be most beneficial to the debtor as appears from the evidence in this case to paying for the mule.

Third. The sixth instruction granted appellee is erroneous and should not have been given. Demand for the restoration of the property or payment of its price is necessary to entitle appellee to maintain this suit. 56 Miss. 554; Story on Sales (2d ed.), 457; Fairchild v. Phelps, 22 Pick. 536; Ayers v. Bartlett, 7 Pick. 56; Smith v. Plower, 15 East. 607; Gordon v. Harper, 7 T. R. 9; Wheeler v. Train, 3 Pick. 258.

When a party is rightfully in possession of property belonging to another, he does not unlawfully detain it until after a demand by the true owner and a refusal. But if the taking is tortious, no demand is necessary. Gates v. Gates, 15 Mass. 311; Seaven v. Dougley, 4 Greenleaf, 306.

Replevin will lie in all cases where trespass *de bonis asportatis* will and the same facts that are necessary to support the one are required to support the other. In cases of sales on condition precedent, the absolute possession of the property is delivered to the purchaser, but the title is retained by the seller. The buyer is then rightfully in possession of the property and such possession commenced rightfully and by consent of the owner. When does this possession become wrongful? Not until after a breach of

the condition of sale, and a demand made by the owner of the price or the restoration of the property. In order to put an end to the sale and repossess himself with the property, the seller must make a demand for the restoration of the property or payment of the price. Duke v. Shackleford, 56 Miss. 534; Ketchum & Cummings v. Brennan, 53 Miss. 596. In the above cases demand for the possession of the property was made before suit upon the *parties in possession*, they being purchasers under the conditional vendees.

Trespass *de bonis asportatis* nor replevin will lie where the taking is not tortious. Morgan, Vade Mecum, 70–72; Seldwyn's Nisi Prius, 1110; Gilbert, Replevin, 58; Com. Dig. Replevin (a); 1 Chitty 118; 1 Esp. 216; 7 Johns. (N. Y.) 141; 20 id. 467.

A wrongful detainer after a lawful taking is not equivalent to a wrongful original taking. Marshall v. Davis, 1 Wend. 109, 19 App. Div. 463. In the case at bar, appellant did not come into possession of the mule wrongfully or tortiously nor has he detained it wrongfully nor tortiously, because appellee has done nothing before the bringing of this suit to entitle himself to recover the mule for he has never demanded it from appellant.

Had he made a demand as the law required him to do in order to assert his right if he has any, appellant could have either given up the mule or refused to do so, in which event the suit of appellee would be free from this objection, which we think is fatal to the maintenance of it.

To recover property ordinarily in replevin, the bringing of the suit is a demand and defending it is a refusal; but in cases like the one at bar, this principle is not good nor applicable, because in the one case the owner is presumed to be in possession of his property, and consequently would be entitled to his writ, while in the other he must by certain acts put himself in position or situation to be entitled to the right of possession, which by his contract he had before parted with; and until he has this right of possession by making a demand for the restoration of the property or payment of its price, his remedy by replevin is in abeyance. Upon whom must the demand of the possession of the property be made? We think certainly upon the party in possession and against whom the suit is brought.

Fourth. The court erred in refusing to grant the fourth instruction for appellant (see Record, 15), because, as before stated, be-

fore appellee could maintain a suit of this kind, and as a condition precedent, it was necessary for him to make a demand for the possession of the mule of appellant, and this he failed to do. In all cases of this character where the seller is endeavoring to recover property sold upon a condition precedent, I see that the seller in every one made demand for the property before institution of the suit, and this fact is mentioned by our court in cases of Ketchum & Cummings v. Brennan, 53 Miss. 596; and Shackleford v. Duke, 56 Miss. 554; and cases cited above.

The question of whether appellant ever made a demand for the property of appellant was taken altogether away from the consideration of the jury by the court in the sixth instruction for appellee.

They were told in plain language that it was unnecessary, and that appellee could recover without such demand. Such an instruction is in the very teeth of the authority, and counsel for appellee cannot sustain it by citation from authority.

Our fourth instruction embodied the law correctly and it should have been granted, and it was error to have refused it.

Fifth. The court erred also in refusing our fifth instruction. If the fourth was law, then the fifth was also.

Sixth. The court further erred in refusing our sixth instruction which we submit was the law of the case as viewed from the testimony. If Strickland made payment without direction as to show it should be placed, the law, eo instanti, placed it where it would be most beneficial to him, i. e., to the payment of the mule debt. Our reasons and authorities cited above in our argument showing the error of the court in granting the second and sixth instructions on behalf of appellee will apply with equal force to the error of the court in refusing our fourth and sixth instructions. They are diametrically opposed to each other, and if the one is law, the other is not.

Seventh. Finally, the court erred in not setting aside the verdict of the jury, and granting appellant a new trial. It was proven by Strickland (Record, 26), and not denied by appellee that it was understood and agreed between them that he was to pay for the horse with the first cotton. This horse was afterward exchanged by Strickland to appellee for a mule; Strickland agreeing to pay a difference of $50. This shows that it was the intention of the parties to this sale at the time, that the horse and afterward

the mule was to be paid out of the proceeds of the crop. This was the first debt contracted, and should have been the first paid.

We respectfully submit the case and ask the court for a reversal of the judgment, and for a new trial on account of the errors mentioned above.

OPINION.— CAMPBELL, J.:

. A precedent demand for the return of the mule was not necessary to maintain the action. Dearing *v.* Ford, 13 S. & M. 269.

The case was fairly submitted to the jury on proper instruction as to what the plaintiff was required to prove to entitle him to recover. The refusal to permit an answer to the question whether Strickland did not claim the mule as owner, when he disposed of it to appellant, was proper. It was immaterial whether he said he was owner or not. He dealt with it as owner, but the question is, was he the owner, as he assumed to be? And that was left to the jury on proper instructions.

*Affirmed.*